Wash, J.,
delivered the opinion of thé Court.'
This was an action commenced before a Justice of the Peace for the recovery of, the penalty fof placing obstructions in'the public road, under the 10th section of the act concerning roads and highways. The process of the Justice was in these words: “ State of Missouri, county of St. Charles, ss. The State of Missouri, to the Constable of Cuiver township in said county. Complaint being made to me, Milton MeRobérts, a Justice of the Peace, within and for said county, upon the oath of George Meyers of said county, that on the 17th day of September, Thomas Pearce of said county did cause to be hauled and put saplins in and across a certain public road leading from St. Charles to Henry ZumalPs in the said county, contrary to the form of the statute in such case made and provided, you are therefore required to summon the said Thomas Pearce forthwith to appear before-me or some other Justice of the Peace for said county, to show cause why the penalty of fifteen dollars should not be levied 'on him, &c.” The Justice gave judgment in the name of George Myers for the sum-of fifteen dollars: Pearce appealed to the Circuit Court, *24 and that Court dismissed the appeal on the ground that no appeal was allowed by law in such case. To reverse the judgment of the Circuit Court, Pearce now prosecutes his writ of error in this Court.
The error assigned is the dismissal of the appeal, &c. In this the Court clearly erred. An appeal will lie in all such cases. The act of 1826, p. 33, gives an appeal in all cases within the jurisdiction of a Justice, and extends the right beyond the cases- provided for in the act of 21st of Eebruary, 1825. By the act concerning roads and highways, Rev. Godej p. 6S8, sec. 10, it is provided, .that the penalty to be recovered shall be applied as is directed in the 6th sec. of the same act, i. e. “ one half for the use of the person or persons prosecuting, the same, and the other half, for the use of the county.” The-law- clearly, intends that some person shall prose-oute for the penalty, to the- half of which he will be entitled. In this case the process of the Justice was utterly voidforwant of.parties,.and the Circuit Court, instead of dismissing the appeal, should have entertained jurisdiction,.and .set aside-the proceedings before the Justice:. The counsel for the defendant insist, that al— though-the- Circuit Court erreddn.dismissing.the appeal, for the reason assigned, yets the appeal was rightly dismissed,, inasmuch as it was not prayed, for on the day of. trial, andmo notice was given as thedaw requires. This objection is answered by an-inspection of the record, from which it sufficiently appears that,the appeal was taken on the day of trial, and the bond dated the 26th, instead of the 25th, through neglect or mistake. The judgment of the Circuit Court is therefore reversed, and this cause is remanded, and that Court directed to reinstate the same and., proceed. therein .con-?-formably to this opinion..'